Paul MILLER *v.* Don LANGSTON, Circuit Judge

CR 88-52                                    757 S.W.2d 562

Supreme Court of Arkansas
Opinion delivered October 10, 1988

*James R. Marchewski,* by: *R. Paul Hughes III,* for petitioner.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for respondent.

STEELE HAYS, Justice. In this petition for a writ of prohibition, Paul Miller contends he has been denied a speedy trial on charges of possession of a controlled substance with intent to deliver, possession of drug paraphernalia and being an habitual offender. (Sebastian Circuit Court Case No. 87-239). He has petitioned this court to prohibit his trial in the Sebastian Circuit Court. The trial was originally scheduled for April 19, 1988, but was suspended when we issued a temporary stay for briefing pursuant to Ark. Sup. Ct. R. 16. We now dissolve the temporary stay and deny the requested writ of prohibition.

Miller was arrested on these charges on April 3, 1987, and released on bond on April 13, 1987. On April 21, 1987, Miller's suspended sentence for unrelated crimes was revoked and he was sentenced to five years in the Department of Correction. Evidently Miller was also convicted on still different crimes on June 22, 1987, and sentenced to twenty-two years in the Department of Correction. On April 13, 1988, Miller filed a motion to dismiss the charges in Case No. 87-239 based on the speedy trial argument, which the trial court denied.

Miller contends that it is undisputed that he was arrested on April 3, 1987, and has been incarcerated in prison since April 21,

1987. He maintains that since more than twelve months have elapsed between his arrest and the date his trial was scheduled to occur, April 19, 1988, he is entitled to have these charges dismissed pursuant to A.R.Cr.P. Rule 28.1(b):

> Any defendant charged with an offense in circuit court and incarcerated in prison in this state pursuant to conviction of another offense shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Appellant's argument interprets Rule 28.2 as providing that the time for trial shall commence with respect to him from the date of his arrest, i.e. April 3, 1987. Thus, the two provisions, read together, lead to appellant's contention that the state was obliged to try him within twelve months of his arrest. We disagree. While a literal reading of those provisions of the rule would seem to support appellant's premise, it is clear that no such result was intended. If appellant's theory were sustained, it could lead to problems in the scheduling of trials never contemplated by the drafters of the rule. For example, if a defendant, free on bail awaiting trial is incarcerated in prison on different charges, instead of having several months to schedule a trial, the trial court could suddenly be confronted with only a few weeks, or even days, in which to bring the accused to trial.

It is plain from the provisions of Rule 28.1—28.3, that the drafters recognized that an accused who is incarcerated on the pending charges, or on different charges, is at a disadvantage simply by virtue of his confinement. Hence, for such defendants shorter periods for trial are provided by the speedy trial rule. Thus, where the defendant is at liberty when arrested on other charges, as occurred in this case, the time for trial should commence running when the accused is deprived of his liberty.

In the recent case of *Cooper* v. *Langston, Judge,* (CR88-51, slip opinion September 19, 1988), we considered the application of Rule 28.1(b) to an accused who is at liberty awaiting trial on one charge and who is then incarcerated in prison for other crimes. We held that the time for trial commenced running when Cooper was "incarcerated in prison in this state pursuant to

488

conviction of another offense," and not from the date of his arrest.

Here, Miller was not incarcerated in prison until April 21, 1987, and his trial, originally scheduled for April 19, 1988, came within the time provided under Rule 28.1(b).

Writ denied.